IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| FRANK HARRISON BIEGE, DEBRA ANN BIEGE, | : | BANKRUPTCY NO.: 5-01-bk-03669 |
| DEBTORS | : | |
| FRANK HARRISON BIEGE DEBRA ANN BIEGE, | : | |
| PLAINTIFFS | : | |
| vs. | : | {**Nature of Proceeding**: Plaintiffs' Motion for Partial Summary Judgment on Count One (Doc. #15) *AND* Defendants' Cross Motion for Summary Judgment on Counts One and Two (#17)} |
| SALLIE MAE SERVICING, L.P., SALLIE MAE, INC.; EDUCATIONAL CREDIT MANAGEMENT CORPORATION (ECMC), | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-08-ap-50107** |

# OPINION[1]

The complaint the Plaintiffs' have against the above-captioned Defendants has historical roots dating back to September 6, 2001, which is the date that the Debtors filed their Chapter 13 Petition together with their Chapter 13 Plan. Thereafter, on December 3, 2001, the Plan was confirmed by Order of this Court. The case was closed following a discharge of the Debtors entered on June 23, 2007. On May 20, 2008, after hearing, the Court entered an Order granting the Motion of the Debtors to reopen the underlying bankruptcy case in order to file the instant Complaint. The Complaint contains two Counts. Count One, which requests judgment against all captioned Defendants, alleges a violation of the confirmation and discharge Orders. Count

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\Cathy\Opinions-Orders filed 2009\5-08-ap-50107_Biege.pdf]

Two, against ECMC and Sallie Mae, Inc., alleges violations of the Fair Debt Collection Practices Act. The Complaint was initially met by a Motion to Dismiss filed by all Defendants with said Motion being denied on February 17, 2009. Subsequent to the filing of an Answer by all defendants, the parties filed cross Motions for Summary Judgment. The Plaintiffs have filed a Motion for Summary Judgment on Count One only while Defendants' Cross-Motion is for summary judgment on both Counts.

The controversy more particularly surrounds the following language contained in the Chapter 13 Plan and its treatment of the debt owed to "Sallie Mae."

> CLASS FOUR - UNSECURED DEBT THAT CANNOT
> BE DISCHARGED UNDER 11 U.S.C. 1328(a)
> d)   The Sallie Mae student loan that is being collected by the Student Loan Marketing Association is in forbearance until November 24, 2001. Under 11 U.S.C. 1328(a) and 523(a)(8) it cannot be discharged. The payoff on this loan is approximately $39,902.00. Debtors will pay off this loan through the Plan as a CLASS FOUR claim.

Plaintiffs' Motion for Partial Summary Judgment on Count One (Exhibit A) (Doc. #15-1).

The Court notes that the Plan was confirmed with no objections being filed thereto. Prior to confirmation of the Plan, on October 15, 2001, a Proof of Claim in the total amount of $40,726.47 was filed indicating the creditor as Sallie Mae. Several years later, on November 2, 2006, the Debtors and the Chapter 13 Trustee entered into a Stipulation, (Doc. #13), which provided that the Debtors would make additional payments of $2,070.00 to the Trustee to complete the Debtors' obligation under the Plan.

While there are many nuances to the arguments of both parties, they can be summarized as follows. The Plaintiffs argue that the post-bankruptcy attempts by the Defendants to collect interest and other charges accrued during the pendency of the Plan violated the discharge

injunction and confirmation Order because the Defendants were attempting to collect a debt fully satisfied by the Debtors' Chapter 13 Plan. The argument continues that the payments into the Plan paid for the full amount of the creditor's claim as submitted in the creditor's Proof of Claim. The Defendants had proper notice of the Plan and, in all respects, participated fully in the underlying bankruptcy case by filing a Proof of Claim stating the amount that was to be repaid over the lifetime of the Plan, but which Proof of Claim failed to include accruing postpetition interest. Plaintiffs assert Defendants knew that it was the clear intent of the Debtors to pay off the student loan in full. With no objection being made to the Plan, Plaintiffs argue that this Court should acknowledge the finality and res judicata effects of the confirmed plan as contemplated by the Third Circuit cases of *In Re Mansaray-Ruffin*, 2008 WL 2498048 (3rd Cir. 2008) and *In Re Szostek*, 886 F.2d 1405 (3rd Cir. 1989).

The Defendants respond that they agree the claim was paid in full, but the entire student loan was not satisfied by the payments through the Plan. The claim, as filed, only represented what was due and owing on the underlying debt on the date of the filing of the petition and did not take into consideration the post-petition accrual of interest and other charges. Furthermore, as a matter of law, the Defendants argue that interest is permitted to accrue on a nondischargeable debt, like a student loan debt, during the term of the entire bankruptcy case which later can be recovered against the Debtor personally. Addressing the Plaintiffs' position that the Proof of Claim was for the entire amount of the debt, the Defendants respond they are not permitted to include unmatured interest in a Proof of Claim under 11 U.S.C. § 502(b)(2). The Defendants acknowledge that it was the Plaintiffs' intention to pay off the loan in its entirety by the language of the Plan. Defendants further acknowledge that the Trustee paid the Proof of

[K:\Cathy\Opinions-Orders filed 2009\5-08-ap-50107_Biege.pdf]     3

Case 5:08-ap-50107-JJT    Doc 23    Filed 10/16/09    Entered 10/16/09 12:01:00    Desc
Main Document    Page 3 of 7

Claim in the amount filed by the Defendants. Ultimately, their argument is the loan was not paid in full because of the failure to account for the post-petition interest which accrues on nondischargeable debt. In this regard, Defendants rely primarily on the Third Circuit decision in *Leeper v. PA Higher Education Assistance Agency*, 49 F.3d 98 (3rd Cir. 1995).

I begin my analysis by determining how the Bankruptcy Code treats guaranteed student loans in a Chapter 13 case. 11 U.S.C. § 1328(a)(2) instructs that guaranteed student loans are excepted from the Chapter 13 discharge.

Can interest accrue on the underlying, nondischargeable student loan during the pendency of the Chapter 13 case? In general, this proposition has been addressed, and it has been determined that creditors may accrue, as to the debtor personally, post-petition interest on nondischargeable debts during the course of a bankruptcy proceeding. See *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). This is a position supported by Collier on Bankruptcy ("Most courts find that interest continues to accrue on all prepetition debt even if such interest cannot be charged against the estate.") 4 Collier on Bankruptcy, ¶ 502.03[3][b] at 502-29 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). Does the general proposition established by *Bruning* apply to student loans? This issue was answered affirmatively by the Third Circuit in the case of *Leeper, supra*. A further related question is whether *Bruning* applies to student loans or other nondischargeable debt which have been paid in full during the course of the Chapter 13 case. Relying on its earlier decision in *Hugh H. Eby Co. v. United States*, 456 F.2d 923 (3rd Cir. 1972), the *Leeper* Court found that the *Bruning* reasoning applies in both instances where the underlying debt has been paid partially or in full. See *Leeper*, 49 F.3d at 103. I find *Leeper, supra.*, to be controlling in this case.

Plaintiffs argue that they paid the student loan obligation in full pursuant to the Defendants' Proof of Claim. They add, if there was post-petition interest accruing, the Defendants failed to include that figure in the Proof of Claim. In response, Defendants argue that the Proof of Claim reflects what was owed at the time the bankruptcy was filed, and it may not include future, unmatured interest. "Under the Bankruptcy Code, creditors are not entitled to include unmatured (or 'post-petition') interest as part of their claims in the bankruptcy proceedings." See *Leeper*, 49 F.3d at 101, *citing* 11 U.S.C. § 502(b)(2) and *Sexton v. Dreyfus*, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed 244 (1911). Recognizing that nondischargeable claims can accrue post-petition interest, I agree with the Defendants that the Proof of Claim did not encompass the entire debt between the parties.

Regardless of whether interest accrues on nondischargeable debt post-petition, did the Plaintiffs draft their Plan in such a way that foreclosed the possibility of the Defendants collecting accrued post-petition interest against the Debtors after the case was closed? But, perhaps, I need not reach a conclusion on that issue because the Plan, in this case, simply did not go that far.[2] In summary, the language employed by the Plaintiffs in the Plan of reorganization did not accomplish what they intended, namely; the payment of the entire underlying debt. Furthermore, the Defendants relying on that language in the Plan rightfully expected to collect the post-petition accrued interest after the case was closed from the Debtors individually.

I have, several times, embraced the finality concept of *In Re Szostek, supra*. Here, too, I

---

[2] In *Andersen v. UNIPAC-NEBHELP*, 179 F.3d 1253 (10th Cir. 1999), an untimely objection to a Chapter 13 Plan was denied based upon the concept of finality and the creditors nonparticipation in the case. A lower court decision was upheld by affirming that a Chapter 13 Plan was res judicata as to the issue whether full payment of a student loan would constitute an undue hardship. The language of the Plan excepting the education loan from discharge would be an undue hardship on the debtor and its dependents. Confirmation of the plan constituted a finding to that effect thereby discharging the debt.

can infer that there is a presumption that the Plan was accepted by the Defendants by reason of their absence of objection. *Szostek* and the proffer of its application to this case by the Plaintiffs does not change the result. Defendants were bound by the terms of the Plan, which, however, did not include either the payment of or prohibition against, the accrual of post-petition interest.[3]

Based upon the foregoing, the Court finds that the Defendants did not violate the discharge injunction imposed by the United States Bankruptcy Code and, therefore, will deny the Plaintiffs' Motion for Summary Judgment and will grant the Defendants' Cross-Motion for Summary Judgment on Count One.

Defendants have also filed a Cross Motion for Summary Judgment on Count Two (Violation of FDCPA [15 U.S.C. § 1692 et seq.] v. ECMC and Sallie Mae, Inc. Only). Defendants answered paragraph 7 of the Complaint alleging this Court does not have jurisdiction to hear the allegations made under the Fair Debt Collection Practices Act ("FDCPA") and that the allegations of Count Two do not arise under Title 11 and are not a core proceeding. This Court's jurisdiction over post-case activities is certainly questionable.

Does the matter present a related or non-core proceeding?

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. E.g., In re Hall*, 30 B.R. at 802; *In re General Oil Distributors, Inc.*, 21 B.R. 888, 892 n. 13 (Bankr. E.D.N.Y. 1982); *In re U.S. Air Duct Corp.*, 8 B.R. 848, 851 (Bankr. N.D.N.Y. 1981); *1 Collier on Bankruptcy* ¶ 3.01 at 3-49. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or

---

[3] Presumably, the Debtors could have modified the loan contract in their Plan so as to terminate the accrual of post-petition interest. 11 U.S.C. § 1322(b)(2).

>     negatively) and which in any way impacts upon the handling and
>     administration of the bankruptcy estate.

*Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984).*

I find that resolution of Count Two has no conceivable affect on the estate being administered or to be administered, and therefore, I find that this matter does not present a related or non-core proceeding.

     Moreover, Count Two does not invoke a substantive right provided by Title 11 nor is it a proceeding which by its nature could arise only in the context of a bankruptcy case, and therefore, I find that this matter does not present a core proceeding. Having no violation of the Confirmation Order or discharge injunction and there being no nexus between the alleged FDCPA violations and the bankruptcy estate, I find that I have no jurisdiction over Count Two of the Complaint. Based upon the foregoing, I will dismiss Count Two of the Complaint because of a lack of jurisdiction.

     My Order will follow.

Date:   October 16, 2009

John J. Thomas, Bankruptcy Judge<br>
(CMS)

*This opinion is electronically signed and filed on the same date.*